UNITED STATES COURT OF FEDERAL CLAIMS
BID PROTEST

| | | |
|---|---|---|
| HALLMARK CAPITAL GROUP, L.L.C. | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | No. 1:08-CV-00356-MCW |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Defendant. | § | |

# AMENDED COMPLAINT FOR DECLARATORY AND PERMANENT INJUNCTIVE RELIEF

TO THE HONORABLE JUDGE OF SAID COURT:

Now Comes Plaintiff, Hallmark Capital Group, L.L.C., by and through its undersigned counsel, and alleges the following for its Complaint:

## JURISDICTION

Jurisdiction in this action is conferred on this Court by 28 U.S.C. § 1491(b)(1). This is an action by an interested party objecting to an alleged violation of statute or regulation in connection with a procurement.

## PARTIES

1. The Plaintiff, Hallmark Capital Group, L.L.C. ["Hallmark"] is a Texas corporation, with its principal offices at 12425 Chimney Rock, Houston, Texas 77035-5545.

2. Defendant, United States of America, acting through the United States Department of the Air Force, [the "Government"], an executive agency of the federal government, issued the contract action challenged herein.

## ALLEGATIONS

### Overview

3. This action is a protest against issuance of a modification under contract number FA2517-07-D-6009 which, for reasons set forth in detail below, constitutes a cardinal change to that contract. Because that modification constitutes a cardinal change to the contract, either the modification must be rescinded and the services included in the modification must be separately competed pursuant to the Competition in Contracting Act, 41 U.S.C. § 253, or further options under contract number FA2517-07-D-6009 should not be exercised, and the Government's true requirements under that contract should be put out for re-competition.

4. The services that are at issue include personal property movement, warehouse storage, weapons storage, munitions storage, mobility bag storage, inventory management, reutilization and disposition, combat oriented supply organization, fuels management, munitions management, base official travel services, cargo shipment, air terminal services, combat readiness functions, hazardous materials management, and hazardous material pharmacy operation services at Patrick AFB, Florida. These services have historically been provided under a separate contract.

5. The modification that is challenged modifies a contract for provision of specifically described logistics services at specific Air Force installations, referred to as the Multiwing Logistics contract, to include the above described services at Patrick AFB. It is Plaintiff's contention that the services described in paragraph 5 are beyond the scope of the Multiwing Contract as advertised and could not reasonably have been anticipated by offerors on the Multiwing Contract.

6. This suit is filed before work is to begin under the contested modification, therefore neither temporary nor preliminary injunctive relief is sought. Plaintiff seeks declaratory and permanent injunctive relief only. Specifically, Plaintiff seeks alternatively either to have the modification declared void or that the Multiwing contract be re-competed on the basis of the Government's true requirements.

7. Plaintiff is an interested party because it would be eligible to compete either for the services included in the contested modification, once those services are separately competed, or for a re-competition of the Multiwing contract.

## Incumbent Multiwing Contract

8. The Multiwing Logistics contract, the modification of which is the object of this action, was not the first contract of its type. Contract No. F05603-01-C-0001 was previously awarded under a small business set-aside solicitation to Phoenix Management, Inc., who performed the Multiwing Logistics contract for five years from January 2002 through December 2007. At no time were any services provided under that contract at Patrick AFB, Florida.

## Draft Solicitation and Industry Comment For Current Multiwing Contract

9. On December 15, 2006, an "Industry Day" was held at Petersen AFB, where each potential offeror was given opportunity to meet with contracting officials for a half hour session to discuss the contemplated procurement and pose questions to the

agency. On March 30, 2007, Defendant published its responses to a number of questions posed by potential offerors during the Industry Day, including the following:

> 4) Q. Why are Patrick AFB requirements included in this draft solicitation when Patrick is running their own 8(a) set-aside procurement?
>
> A. Patrick and LA AFBs are only supported on this contract in regards to the Logistics Support Center requirement. However, Patrick and LA are included in the scope of this contract for base level logistics support in case the situation arises that their base level requirements need to be included—at this time, Patrick and LA are taking care of their base level logistics support on locally managed contracts. A revised PWS will include Patrick's and LA's base level logistics support in the scope of this contract. But again, only in regards to the Logistics Support Center is support for Patrick an LA required currently.

Exhibit 1.

10. The following question was also asked:

> 29) Q. Chapter 14 Real World Events . . . Are all items under "14.1 General" applicable to all locations? Patrick AFB and Los Angeles AFB are not covered in the MSLSC Service Requirements table in Section 2.
>
> A. No. Chapter 14 is applicable to all bases except Patrick AFB and Los Angles AFB. Again, base level logistics support at Patrick AFB and Los Angles AFB are provided under separate contracts.

Exhibit 1. Thus, potential offerors questioned the purpose and scope of inclusion of some services at Patrick AFB, and the Defendant responded in a way that clearly indicated the limited scope and nature of service that <u>might</u> be provided under the Multiwing contract. That limited scope did not include the broad array of services that Defendant now seeks to add to the Multiwing Contract post award.

Pre-Solicitation Notice

11. On March 23, 2007, Defendant posted a pre-solicitation notice on the fedbizopps.gov website that is used to advertise federal contract opportunities. The presolicitation notice did not mention Patrick AFB at all. Exhibit 2.

Multiwing Solicitation

12. On April 12, 2007, Defendant issued solicitation number FA2517-06-R-6003 ["the Solicitation"] for logistics support services at multiple specific Air Force installations within the continental United States, specifically Buckley AFB, Colorado, FE Warren AFB, Wyoming, Malmstrom AFB, Montana, Petersen AFB, Colorado, and Schriever AFB, Colorado. As these bases fall under different operational elements or "Wings" of the Air Force, the requirement is also referred to as the "Multi-Wing" logistics contract.

13. Three other locations were also included on a contingent basis. The performance work statement ["PWS"] for the Solicitation indicated that Patrick AFB, Florida, Los Angeles AFB, California and Minot AFB, North Dakota would only be included if certain requirements arose. The PWS stated in that regard:

> 1.1.7 Patrick AFB FL and Los Angeles AFB CA are included in the scope of this contract should the support detailed in Section 2 of this Performance Work Statement be required at those locations. Minot AFB, ND is included in the scope of this contract should the support detailed in Section 2, Chapter 10 of this PWS be required at this location. Cost/Price negotiations will take place at the time the need for these services in either of these locations is identified.

Exhibit 3. Section 2 of the PWS contained a matrix indicating which services were included in the Solicitation for each location. For Patrick AFB, only a single box was checked for the area of "Logistics Support Center – Section 2 Chapter 2". Exhibit 3.

14. The next mention of Patrick AFB in the PWS is in paragraph 15.2.3, which states:

> **15.2.3. Logistics Support Center (Equipment Management, MICAP, Computer Operations, Records Maintenance, Stock Control) services for:** Malmstrom AFB, Peterson AFB, Los Angeles AFB, Patrick AFB, FE Warren AFB, and Vandenberg AFB.

Exhibit 3.

15. Section 3 of the PWS contained workload estimates for the various services included for each base under the Multiwing Solicitation. Paragraph 1.5.1 set forth those estimates in chart form for Logistics Support Center services. Exhibit 3. Workload estimates for Patrick AFB and the other bases were provided for the services of Equipment Management, MICAP, Computer Operations, Records Maintenance, and Stock Control, as listed in paragraph 15.2.3 of Section 2. Exhibit 3.

16. Paragraph 1.5.2. of Section 3 contained workload estimates for Base Supply. Exhibit 3. Patrick AFB was not listed on the main chart in that paragraph. Paragraph 1.5.2. also contained smaller charts for Mobility Bags Maintained, Interceptor Body Armor Maintained, and Weapons maintained. Patrick AFB was not listed in any of these charts. Exhibit 3.

17. Paragraph 1.5.3. of Section 3 contained workload estimates for Cargo Screening. Patrick AFB was not listed in this chart. Exhibit 3.

18. Paragraph 1.5.4. of Section 3 contained workload estimates for Off Base Pick Up and Delivery Points. Patrick AFB was not listed in this chart. Exhibit 3.

19. Paragraph 1.5.5. of Section 3 contained workload estimates for Fuels services. Patrick AFB was not listed in this chart. Exhibit 3.

20. Paragraph 1.5.6. of Section 3 contained workload estimates for vehicle operations. Patrick AFB was not listed in this chart. Exhibit 3.

21. Paragraph 1.5.7. of Section 3 contained workload estimates for vehicle maintenance. Patrick AFB was not listed in this chart. Exhibit 3.

22. Paragraph 1.5.8. of Section 3 contained workload estimates for cargo movement. Patrick AFB was not listed in this chart. Exhibit 3.

23. Paragraph 1.5.9. of Section 3 contained workload estimates for refueler maintenance. Patrick AFB was not listed in this chart. Exhibit 3.

24. Accordingly, the Solicitation represented to offerors that the only services at Patrick AFB which might be included in the scope of the awarded contract were the limited Logistics Support Services consisting of Equipment Management, MICAP, Computer Operations, Records Maintenance, Stock Control, all of which were accounting and recordkeeping functions. Exhibit 3.

25. The Bid Schedule for the Solicitation contained only one contract line item (CLIN) for Patrick AFB CLIN 0102, which was defined as follows:

> AFSPC LSC SUPPORT TO PATRICK AFB
> FFP
> CONTRACTOR SHALL, EXCEPT FOR ITEMS, EQUIPMENT, VEHICLES AND SERVICES SPECIFIED IN SECTION 10 OF THE PERFORMANCE WORK STATEMENT AS GOVERNMENT-FURNISHED PROPERTY OR SERVICES, PROVIDE ALL PERSONNEL,

> SUPERVISION, TRANSPORTATION, ITEMS AND SERVICES NECESSARY TO PERFORM LOGISTICS SUPPORT CENTER (LSC) SERVICES TO ACCOMPLISH EQUIPMENT MANAGEMENT, STOCK CONTROL, MISSION CAPABILITY (MICAP), RECORDS MAINTENANCE, AND COMPUTER OPERATIONS FOR PATRICK AFB, IAW WITH PERFORMANCE WORK STATEMENT SECTION 2, CHAPTER 1, 2, AND 15.

Exhibit 4. Emphasis in original.

26. Accordingly, the Solicitation gave offerors no indication whatsoever that the scope of the Multiwing contract as awarded might include any services other than the administrative support services outlined in the PWS with respect to LSC services.

<u>Pre-Proposal Conference</u>

27. On April 24, 2007, a pre-proposal conference was held among interested potential offerors. At that pre-proposal conference, Defendant provided potential offerors with detailed information about the requirements upon which they were bidding. Exhibit 5. No information was provided in that presentation regarding Patrick AFB.

<u>Award of the Multi-Wing Contract</u>

28. Initial proposals on Solicitation FA2517-06-R-6003 were submitted on May 23, 2007. Plaintiff submitted a proposal in combination with its approved SBA Mentor company Phoenix Management, Inc., the incumbent contractor for this requirement. On September 7, 2007, Defendant announced award of the Multi-wing contract to Santa Barbara Applied Research, Inc. ["SBAR"] under contract number FA2517-07-D-6009. A protest was filed by the joint venture in which Plaintiff

participated in the Multiwing procurement with the Small Business Administration regarding SBAR's qualification as a small business, which was denied.

29. A protest was also filed by another firm with the United States Court of Federal Claims. A decision on that protest has not been published by this Court as of this time, although it is Plaintiff's understanding that the protest was voluntarily dismissed.

<u>Patrick LOGOPS</u>

30. On or about March 21, 2006, Defendant issued a notice seeking potential qualified firms for performance of logistics operations ["LOGOPS"] services at Patrick Air Force Base, Florida. These services had been previously provided by a certified minority contractor under an SBA 8(a) Program set aside contract awarded in 2001, contract number F08650-01-C-0058. The new procurement was also set aside exclusively for 8(a) competition.

31. The scope of the potential procurement contemplated was described in the synopsis published by Defendant as follows:

> Patrick Air Force Base anticipates an 8(a) competitive acquisition to provide Logistics Operations (LOGOPS) at Patrick Air Force Base FL and Cape Canaveral AFS FL. The LOGOPS concept integrates Standard Base Supply System, Fuels, Munitions, Civil Engineering Material Acquisition, Weapons Handling, and Transportation. This requirement may include, but is not limited to, personal property movement, warehouse storage, weapons storage, munitions storage, mobility bag storage, inventory management, reutilization and disposition, combat oriented supply organization, fuels management, munitions management, base official travel services, cargo shipment, air terminal services, combat readiness functions, hazardous materials management, and hazardous material pharmacy operation.

Exhibit 6.

32. The synopsis indicated that all interested, qualified firms should submit evidence of their capability to perform the described services no later than April 21, 2006, and that performance of any awarded contract was expected to begin no earlier than October 1, 2007. Exhibit 6.

33. On October 5, 2007, a modification to the synopsis was issued. This modification stated simply "THIS EFFORT IS CANCELLED IN ITS ENTIRETY. THIS REQUIREMENT WILL BE INCORPORATED INTO THE MULTI-WING LOGISTICS SUPPORT SERVICES CONTRACT BY MODIFICATION." Exhibit 7. Emphasis in original.

34. On February 19, 2008, Defendant publicly announced that it was extending the current contract at Patrick AFB (F08650-01-C-0058) for one month to April 30, 2008. Exhibit 8.

35. On February 28, 2008, Defendant announced that it was further extending contract number F08650-01-C-0058 through July 30, 2008. Exhibit 9.

36. Accordingly, performance of these services has not yet begun under the Multiwing Contract. It is unknown whether a modification to that contract as described in the October 7, 2007 notice has actually been formally issued.

37. The Patrick AFB requirement that was described in the March 21, 2006 notice, is far beyond the scope of the very limited Patrick AFB requirement which the Multiwing Solicitation contemplated. It is clear from the answers to pre-proposal questions, and from the terms of the Multiwing Solicitation itself that the agency, post-award decided to add a very broad range of services at Patrick AFB, a range far

beyond that contemplated in the Multiwing Solicitation competition, and far beyond what any reasonable offeror would have anticipated in that competition.

38. Defendant's actions described above, in modifying the multiwing contract to add services at Patrick AFB that are far beyond the scope of work contemplated in the original contract and far beyond the scope of work represented to the bidders on the Multiwing Solicitation, constitute a cardinal change to SBAR's Multiwing contract. The issuance of such a cardinal change violated the Competition in Contracting Act, 41 U.S.C. § 253. The proper relief for that cardinal change would either be an order finding that modification void, or, if the services in that modification are part of the Government's actual needs under the Multiwing contract, the Multiwing contract itself should be re-competed on the basis of the Government's true needs.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that upon review of this matter, this Court grant the following relief:

1. Take jurisdiction of this action;
2. Issue declaratory and injunctive relief providing that the challenged modification to the SBAR Multiwing contract award is illegal; or alternatively
3. Issue permanent declaratory and injunctive relief forbidding exercise of further options under the Multiwing contract and requiring re-competition of that contract on the basis of the Government's true requirements.
4. Such other and further relief to which Plaintiff may show itself entitled.

Dated: June 25, 2008

Respectfully Submitted,

BAILEY & BAILEY, P.C.
Milam Building, Suite 711
115 East Travis
San Antonio, Texas 78205-1611
Telephone: (210) 225-7747
Facsimile: (210) 225-8246

By: s/ Johnathan Bailey
Johnathan M. Bailey
SBN 24000009

Attorney for Plaintiff
Hallmark Capital Group, L.L.C.

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above and foregoing Amended Complaint for Declaratory and Permanent Injunctive Relief has been caused to be delivered by the ECF system for filing. Based on the records currently on file, Clerk of the Court will transmit Notice of Electronic Filing to the following ECF registrants:

Mr. Michael O'Connell, Jr., Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
1100 L Street, N.W., Room 12062
Washington, DC 20530

s/Johnathan Bailey
JOHNATHAN M. BAILEY